**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

CAROL STASAITIS,

    Plaintiff,

v.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON,

    Defendant.
_____/

**COMPLAINT FOR DISABILITY BENEFITS**

Plaintiff, Carol Stasaitis, files her Complaint against Defendant, Lincoln Life Assurance Company of Boston, and says:

**I.  JURISDICTION AND VENUE**

1.  Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

**II. PARTIES**

2.  Plaintiff, Carol Stasaitis ("Ms. Stasaitis"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy (the "long-term disability policy") at issue. Defendant, Lincoln Life Assurance Company of Boston ("Lincoln" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Defendant operated under an inherent structural conflict of interest because of the Defendant's dual role as administrator of claims while also serving as the insurance company paying benefits out of its own assets.

5. Ms. Stasaitis was employed with Rochester General Health System.  By virtue of her employment at Rochester General Health System, Ms. Stasaitis was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Stasaitis a monthly benefit if she became disabled.

7. The long-term disability policy defines Disability, in pertinent part, as follows:

*"Disability" or "Disabled" means:*

> *i. If the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

8. Ms. Stasaitis has suffered, and continues to suffer, from a number of debilitating medical conditions including but not limited to: cervical spondylosis, chronic pain syndrome, radiculopathy, cervicalgia, and migraines.

9. Ms. Stasaitis has been unable to perform the Material and Substantial Duties of her Own Occupation or Any Occupation. Ms. Stasaitis is disabled under the terms of the long-term disability policy.

10. Ms. Stasaitis was forced to discontinue working in June of 2018 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Stasaitis notified Defendant that she was disabled.

12. By letter dated June 11, 2019, Defendant acknowledged Ms. Stasaitis's disability under the policy, accepting liability by paying long-term disability benefits effective December 9, 2018.

13. By letter dated October 10, 2020, Defendant terminated Ms. Stasaitis's long term disability benefits effective December 8, 2020.

14. Ms. Stasaitis timely appealed Defendant's decision to deny her long-term disability benefits by letter dated December 10, 2020.

15. Defendant denied Ms. Stasaitis's appeal for long-term disability benefits and communicated its decision via letter dated May 11, 2021.

16. Ms. Stasaitis exhausted her appeals under ERISA.

17. In terminating Ms. Stasaitis's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Ms. Stasaitis's long-term disability benefits constitutes a breach the long-term disability policy's terms, and the decision was wrong and arbitrary and capricious.

19. Defendant's termination of Ms. Stasaitis's disability benefits breached the fiduciary duties owed to Ms. Stasaitis under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Stasaitis as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Ms. Stasaitis, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Carol Stasaitis, prays for a judgment against Defendant, Lincoln Life Assurance Company of Boston, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 28th day of June 2021.*

*/s/ Edward P. Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Kevin P. Schaefer (FBN. 123688)
kevin@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Attorneys for Plaintiff, Carol Stasaitis*